## THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2021-0604, <u>Natalie Anderson v. New Hampshire Professional Conduct Committee & a.</u>, the court on December 24, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, Natalie Anderson, appeals a decision of the Superior Court (<u>Kissinger</u>, J.) granting the motion to dismiss filed by the defendants, New Hampshire Attorney Discipline Office (ADO) and New Hampshire Professional Conduct Committee (PCC), and the intervenor, Attorney Craig Donais. In 2020, the plaintiff sought records from the ADO regarding a 2016 disciplinary matter involving the intervenor. Under the version of Supreme Court Rule 37 in effect at the time of the request, the PCC ruled that she was entitled to inspect, but not copy, the file. <u>See</u> <u>Sup. Ct. R.</u> 37(20)(b) (2020) (amended 2024). Thereafter, she requested a copy of the file pursuant to RSA chapter 91-A. The ADO denied the request, and she filed suit in the superior court specifically requesting the file under RSA chapter 91-A. The trial court granted the defendants' and the intervenor's motion to dismiss, concluding that it did not have jurisdiction to review the PCC's ruling or to interpret Supreme Court Rule 37.

On appeal, the plaintiff emphasizes that, in filing this action in the superior court, she "only took issue with the overall policy of the ADO that states that the Right-to-Know law does not apply to it." And, she argues that the trial court erred by not reaching the issue of access to the records under RSA chapter 91-A. The defendants and the intervenor argue that the trial court was correct when it concluded that it lacked jurisdiction to resolve the case, and that even if it had jurisdiction, the Right-to-Know Law does not apply to the ADO or the PCC.

In reviewing an order granting a motion to dismiss, we assume the plaintiff's pleadings to be true and construe all reasonable inferences therefrom in the light most favorable to the plaintiff. <u>Doe v. Attorney General</u>, 175 N.H. 349, 352 (2022). "We then engage in a threshold inquiry that tests the facts in the petition against the applicable law, and if the allegations do not constitute a basis for legal relief, we must affirm the grant of the motion to dismiss." <u>Id</u>. Here, although the trial court did not reach the issue of the applicability of RSA chapter 91-A to this case, in the interests of judicial economy, we will review the purely legal question of whether the Right-to-Know Law applies to the ADO

or the PCC.  See In the Matter of Routhier & Routhier, 175 N.H. 6, 19 (2022) (addressing statutory argument likely to arise on remand); Union Leader Corp. v. N.H. Housing Fin. Auth., 142 N.H. 540, 546 (1997) (interpretation of Right-to-Know Law is ultimately issue for this court to decide).

The "ordinary rules of statutory construction apply to our review of the Right-to-Know Law." Union Leader Corp. v. N.H. Dep't of Safety, 176 N.H. 672, 675 (2024), 2024 N.H. 35, ¶6.  RSA chapter 91-A grants the public the right to both inspect and copy governmental records.  RSA 91-A:4, I (2023).  This provision, however, applies only to records in the possession, custody, or control of "public bodies or agencies."  Id.; RSA 91-A:1-a, III (2023).  "Public bodies" include: the general court, the executive council and governor with the executive council; boards and commissions of state agencies or authorities; municipal level bodies, boards, commissions, agencies or authorities; and "[a]ny corporation that has as its sole member the state of New Hampshire, any county, town, municipal corporation, school district, school administrative unit, village district, or other political subdivision, and that is determined by the Internal Revenue Service to be a tax exempt organization pursuant to section 501(c)(3) of the Internal Revenue Code."  RSA 91-A:1-a, VI (2023). Similarly, the statutory definition of "public agency" includes any agency, authority, department or office of the state, or of any county, town, municipality, school district, or other political subdivision.  RSA 91-A:1-a, V (2023).

In establishing the parameters of the Right-Know Law, the legislature included two of the three branches of government in its definition of "public bodies."  See RSA 91-A:1-a, VI.  It did not, however, include the third branch, the judicial branch.  Id.  Given this exclusion, we decline to construe the definition of "public agency" to extend to entities operating under the auspices of the judicial branch.  Accordingly, we conclude that the ADO and the PCC, which were established by the judicial branch and are governed by its rules, see Petition of Lath, 169 N.H. 616, 618 (2017), are not subject to the Right-To-Know Law.  See Sup. Ct. R. 37(3), 37A.

We have reviewed the plaintiff's remaining arguments and confined our review to those issues that she has fully briefed.  See State v. Blackmer, 149 N.H. 47, 49 (2003).  To the extent that she challenges factual determinations and procedures employed in the trial court, the plaintiff, as the appealing party, has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Having considered the plaintiff's challenges, the relevant law and the record submitted on appeal, we conclude that she has failed to carry that burden.  See id.; Doe, 175 N.H. at 352.  Because we have concluded that alternative grounds support the trial court's decision, we affirm its

dismissal of the plaintiff's complaint.  See, e.g., Gauthier v. Manchester Sch. Dist., SAU #37, 168 N.H. 143, 146 (2015).

Affirmed.

BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,
Clerk**
